LEITNER ET AL., APPELLANTS, v. CURRIER, RESPONDENT.

(No. 3,316.)

(Submitted November 19, 1913. Decided January 26, 1913.)

[138 Pac. 1087.]

*Breach of Contract—Defenses—Compromise and Settlement—Erroneous Instructions.*

1. In an action for breach of a contract of sale of livestock, in which defendant relied for his defense on a compromise and settlement of the differences between him and plaintiff, *held*, that the trial court properly granted a new trial because of error in too narrowly restricting the scope of such defense in its instructions to the jury.

*Appeal from District Court, Custer County; Sydney Sanner, Judge.*

ACTION by Frank A. Leitner and another, copartners, doing business as Leitner & McCoy, against R. D. Currier. From an order granting a new trial plaintiffs appeal. Affirmed.

*Mr. George W. Farr,* and *Mr. Frank Hunter,* for Appellants, submitted a brief; *Mr. Farr* argued the cause orally.

*Messrs. Loud, Collins, Brown, Campbell & Wood,* for Respondent, submitted a brief; *Mr. C. S. Loud* argued the cause orally.

HON. HARRY H. EWING, a Judge of the Eighth Judicial District, sitting in place of MR. JUSTICE SANNER, disqualified, delivered the opinion of the court.

Appeal from an order granting defendant a new trial. The action is for damages for a breach of contract. The contract is in writing, executed by the parties hereto, and recites that the plaintiffs, who are copartners, have agreed to sell and deliver to the defendant about 150 head of horses at $40 per head. A payment of $500, being part of the purchase price stipulated for, was to be made by the defendant at the time the agreement was signed, and the balance was to be paid when the horses were delivered to defendant.

It is alleged that the plaintiffs were at all times ready and willing to deliver the horses according to the terms of the contract, and that the defendant refused to accept delivery or to pay the purchase price, to the damage of plaintiffs in the sum of $2,792.30. Among other defenses, the defendant alleges, in substance, that, when the time for delivery arrived, a controversy arose between him and the plaintiffs as to whether the horses tendered were of the character specified in the contract; that, in order to settle and adjust the controversy, it was agreed between McCoy and the defendant that the plaintiffs should retain the $500 cash payment made in accordance with the terms of the contract, and be released from delivering any of the horses, as a complete settlement and discharge of any liability or claim for

damages arising in favor of plaintiffs by reason of defendant's refusal to accept and pay for the horses; that the written agreement should thereupon be wholly canceled and annulled; and that McCoy, acting for the plaintiffs, retained the said sum and the horses, and released and discharged the defendant and acquitted him of all obligation arising under the contract. The $500 payment was made as provided in the contract, but no other payment was ever made.

There was a conflict in the evidence as to whether any such agreement was entered into between the defendant and McCoy, and, while the jury was instructed generally as to this defense, the court refused to give defendant's offered instruction numbered 8, which is as follows: "The jury are instructed that a contract can be released or extinguished by the parties thereto consenting and agreeing so to do, and, if you find by a preponderance of the evidence that the plaintiff McCoy did make such an agreement with the defendant Currier, then such release or extinguishment would be binding upon the copartnership of Leitner & McCoy."

The evidence proves conclusively that there was only an agreement to sell the horses—that the sale was never consummated. There being no sale of the horses by plaintiffs to defendant, there could be no resale of the horses by defendant to plaintiffs; but the court gave the following instruction, being instruction numbered 8: "The jury are instructed that it is a question of fact for you to determine whether the alleged agreement or so-called settlement between the plaintiffs and defendant occurred, and, if it occurred, whether it was, in fact, a settlement of differences or a resale of the horses involved by the defendant back to plaintiffs, and, if you find that, in fact, such transaction was a resale, and not a compromise or settlement of differences, then such resale would come within the provisions of the statute of frauds, and would be void, unless you find that the defendant in his alleged resale made a part payment to the plaintiffs, or unless the plaintiffs accepted some part of the horses in return."

The court, in granting a new trial, was of the opinion that, in giving instruction numbered 8, and refusing defendant's offered instruction numbered 8, it too narrowly restricted the scope of this special defense, and with this opinion we agree.

There are other errors assigned, but it is not necessary to consider them. . The order of the court granting defendant a new trial is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.